**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

KAREN L. DEXTER,
*Plaintiff-Appellant*,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,*
*Defendant-Appellee*.

No. 12-35074

D.C. No.
3:11-cv-05023-RJB

OPINION

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted
May 8, 2013—Seattle, Washington

Filed September 30, 2013

Before: Michael Daly Hawkins, Sidney R. Thomas,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Nguyen

---

* Carolyn W. Colvin, Commissioner of Social Security, is substituted for her predecessor, Michael J. Astrue, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

## SUMMARY[**]

### Social Security

The panel reversed the district court's dismissal for lack of subject matter jurisdiction of a claimant's challenge to the Social Security Administration's denial of the claimant's request for a hearing on her application for social security disability insurance benefits.

The panel held that because the administrative law judge failed to consider whether claimant's facially valid reasons constituted good cause excusing the delay in her request for a hearing, the claimant was thereby deprived of her due process right to a meaningful opportunity to be heard and to seek reconsideration of an adverse benefits determination.

## COUNSEL

Eitan Kassel Yanich, Law Office of Eitan Kassel Yanich, PLLC, Olympia, Washington, for Plaintiff-Appellant.

Jeffrey R. McClain (argued), Assistant Regional Counsel, Social Security Administration, Office of the General Counsel, Seattle, Washington; Jenny A. Durkan, United States Attorney; Kerry Jane Keefe, Assistant United States Attorney; and David Morado, Regional Chief Counsel, Seattle Region X, for Defendant-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

# OPINION

NGUYEN, Circuit Judge:

Ten years ago, Karen Dexter first applied for social security disability insurance benefits. After benefits were denied, Dexter requested a hearing. The Social Security Administration ("SSA") ruled her request untimely, and denied a subsequent application on the ground of res judicata, but it has never explained why it rejected Dexter's facially valid excuse for the delay in her hearing request. Dexter then sought review in federal district court, which dismissed her action for lack of subject matter jurisdiction. Because the administrative law judge ("ALJ") failed to consider whether her facially valid reasons constituted good cause excusing the delay, thus depriving Dexter of her due process right to a meaningful opportunity to be heard and to seek reconsideration of an adverse benefits determination, we reverse and remand for further proceedings.

## I.

## A.

The administrative review process governing applications for social security benefits "consists of several steps, which usually must be requested within certain time periods and in [a particular] order." 20 C.F.R. § 404.900(a). If a dissatisfied applicant fails to take the next step within the stated time period, the applicant loses the right to further administrative or judicial review unless she can show that there was good cause for her failure to make a timely request for review. *Id.* § 404.900(b).

After an applicant files for social security benefits, the SSA makes an initial determination "about [the applicant's] entitlement or . . . continuing entitlement to benefits or about any other matter . . . that gives [the applicant] a right to further review." *Id.* § 404.900(a)(1). If the applicant is dissatisfied with the SSA's initial determination, she may request the SSA to reconsider it. *Id.* § 404.900(a)(2).

If the applicant is dissatisfied with the SSA's determination upon reconsideration, she may request a hearing before an ALJ, *id.* § 404.900(a)(3), who will either issue a decision, *see id.* § 404.953, or in certain cases, dismiss the request, *see id.* § 404.957. The applicant may then request that the Appeals Council review the ALJ's decision. *Id.* § 404.900(a)(4). The Appeals Council's decision is final and in certain cases is subject to review in district court. *Id.* § 404.900(a)(5).

## B.

Dexter filed an application for disability benefits on September 23, 2003, claiming a disability onset date of January 1, 1997. The SSA denied her application initially and again upon reconsideration. The April 2004 reconsideration letter informed Dexter that she could appeal the decision by requesting a hearing in front of an ALJ within 60 days.[1] The letter also explained that she could file a new

---

[1] The reconsideration letter was dated April 15, but the date stamp did not include a year or the year was imperceptibly faint. Although Dexter claims that she "may have been unable to figure out when she had received [the reconsideration letter] or whether she had already appealed [it]," the year should have been obvious. The reconsideration letter responded to her request for reconsideration from the previous November, and Dexter does not dispute receiving it in April 2004.

application for benefits but that "filing a new application is not the same as appealing this decision," and if she filed a new application rather than an appeal, the SSA "could deny the new application using this decision, if the facts and issues are the same."

On March 20, 2005, more than eleven months after receiving the reconsideration letter, Dexter again requested reconsideration of the SSA's decision, which the SSA construed as a request for hearing.[2] The following day, Dexter submitted a statement regarding her untimeliness: "I didn't realize I had to refile in any certain amount of time, and have been very sick and Mother has died of cancer[.] [S]he was my first concern, and now I need help." Three months later, Dexter filed the appropriate form requesting a hearing before an ALJ.

In an August 26, 2005 order, the ALJ found that Dexter had not shown good cause and dismissed her request for hearing. The ALJ noted Dexter's statement "that she had not realized that she had to file her request for hearing within a certain amount of time," and concluded that it did not amount to good cause for a time extension because the

---

[2] Dexter improperly filed a second request for reconsideration instead of a request for a hearing based upon the erroneous instructions of an SSA employee, Nancy Scott. Apparently because Scott believed that Dexter was seeking a reconsideration determination rather than a request for hearing—where an ALJ would make the good-cause finding, *see* HALLEX I-2-4-15(A), (B)—she made a written "good cause" finding excusing Dexter's late request. The SSA eventually recognized the error and forwarded the case to the Office of Hearings and Appeals, where the ALJ ignored Scott's good-cause finding and decided the issue anew. There is no indication that Scott's finding was ever conveyed to Dexter prior to the ALJ's decision.

reconsideration letter had informed Dexter about the 60-day deadline. The ALJ did not address Dexter's other asserted grounds for good cause—her illness and her mother's death. Dexter requested that the Appeals Council review the ALJ's dismissal order, but the Appeals Council denied her request.

Dexter eventually filed a complaint in federal district court seeking review of the SSA's decision regarding her application for disability insurance benefits.[3] The district court dismissed the action for lack of subject matter jurisdiction, finding that Dexter had not exhausted her administrative remedies. The district court further held that Dexter did not meet the exception to the exhaustion requirement by raising a colorable constitutional claim. Dexter now appeals the district court's order and judgment.

## II.

We have jurisdiction under 28 U.S.C. § 1291 to review the district court's order and judgment dismissing the complaint for lack of subject matter jurisdiction. *See Klemm v. Astrue*, 543 F.3d 1139, 1141 (9th Cir. 2008). The district

---

[3] Before seeking relief in federal court, Dexter filed a second application for Social Security disability insurance benefits. After a hearing, another ALJ issued a denial order pursuant to the doctrines of administrative finality and res judicata. The Appeals Council granted review, vacated the ALJ's order, and dismissed Dexter's March 2008 request for hearing pursuant to 20 C.F.R. § 404.957(c)(1), which provides that an ALJ may dismiss a hearing request entirely if "[t]he doctrine of res judicata applies . . . ." Notwithstanding the passage of nearly five years between the Commissioner's final decision on Dexter's original application for benefits and her suit in federal court, the Commissioner does not assert a statute-of-limitations defense. Consequently, the Commissioner has forfeited any such argument. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986).

court's dismissal is reviewed de novo. *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 901 (9th Cir. 2001).

Cases arising under the Social Security Act generally are not subject to review unless they challenge a "final decision of the Secretary made after a [statutorily mandated] hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (quoting 42 U.S.C. § 405(g)) (internal quotation marks omitted); *see Peterson v. Califano*, 631 F.2d 628, 630–31 (9th Cir. 1980) (holding that final decision made after hearing is not subject to judicial review if the hearing was discretionary). Because the SSA's decision whether, for good cause shown, to entertain an untimely hearing request or reopen an earlier application is strictly discretionary, *see Matlock v. Sullivan*, 908 F.2d 492, 494 (9th Cir. 1990); *Taylor v. Heckler*, 765 F.2d 872, 876–77 (9th Cir. 1985), it is not final and thus not generally reviewable by a district court. An exception to this rule exists for "any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Klemm*, 543 F.3d at 1144 (quoting *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001)) (internal quotation marks omitted).

## III.

Dexter contends that she is entitled to review of the SSA's denial of her applications for benefits because she alleges a colorable constitutional claim, namely that she was denied due process because the ALJ did not follow SSA regulations to determine if she had good cause for her late request for hearing. Dexter proffered three reasons why she had good cause: (1) she was unaware of the filing deadline; (2) she was

very sick; and (3) she was preoccupied with caring for her mother, who had died of cancer. Although the ALJ addressed (and reasonably rejected) the first reason, he did not acknowledge Dexter's other two reasons notwithstanding that SSA regulations list them as "[e]xamples of circumstances where good cause may exist," 20 CFR § 404.911(b). *See id.* § 404.911(b)(1) ("You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person."); *id.* § 404.911(b)(2) ("There was a death or serious illness in your immediate family."). It thus appears that the ALJ did not consider Dexter's potentially valid reasons for her delay. Due process requires as much. *Cf. Randall v. Yakima Nation Tribal Court*, 841 F.2d 897, 901–02 (9th Cir. 1988) (finding tribal court violated appellant's right to procedural due process by dismissing her appeal for failure to pay filing fee without ruling on her request to proceed in forma pauperis and, if its merit was unclear, holding evidentiary hearing).

Moreover, when the Commissioner promulgates regulations explaining what circumstances may constitute good cause and an applicant relies on one or more of them in explaining her delay, some explanation is required of why the applicant's potentially valid reasons for good cause are rejected. We have recognized as much in other contexts involving dispositive rulings.

> Giving an explanation for significant rulings is an important component of due process. It lets the adversely affected party know that the judge has heard and understood its argument, and that the judge's ruling is based on the facts and the law. An explanation also allows the judge to confirm that his ruling is correct.

> If he is unable to articulate a plausible rationale for his ruling, he may think better of it. Finally, and not least, by failing to give any indication that he applied the correct legal standard, [a] judge ma[kes] appellate review difficult.

*United States v. Hernandez-Meza*, 720 F.3d 760, 767–68 (9th Cir. 2013); *see also United States v. Collins*, 684 F.3d 873, 887 (9th Cir. 2012) ("As a matter of procedural due process, a sentencing judge must explain a sentence sufficiently to communicate that a reasoned decision has been made and permit meaningful appellate review." (internal quotation marks and citation omitted)); *Miller v. Or. Bd. of Parole & Post Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) (explaining that when state prisoners have a state-created liberty interest in parole and parole is denied, the "minimal" procedures required include "a statement of the reasons why" (quoting *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011))); *Yeghiazaryan v. Gonzales*, 439 F.3d 994, 1000 (9th Cir. 2006) ("[The asylum applicant] was denied due process because the [Board of Immigration Appeals] foreclosed his one avenue of relief without providing him notice and without a reasoned basis for doing so.").

The Commissioner faults Dexter for improperly seeking review of the merits of the ALJ's decision. But there is a distinction between a claim that the ALJ reached the wrong decision about whether good cause had been shown and the claim that Dexter actually makes—that the ALJ made a decision without considering all of her reasons in support of

a good-cause finding or at least articulating his grounds for rejecting them. While Dexter is *not* entitled to judicial review of the merits of the ALJ's good-cause decision, she *was* entitled to seek administrative review of that decision with the Appeals Council. The Appeals Council could not have made an informed decision to deny review without knowing what the ALJ's reasons were for rejecting Dexter's assertion that her mother's death and her own illness justified her delay.

We hold that Dexter states a colorable due process claim because she presented a reason that constituted good cause under the Commissioner's regulations. Of course, not every failure by an ALJ to address a claimant's reason for missing a deadline gives rise to a due process violation. *Cf. Sample v. Diecks*, 885 F.2d 1099, 1115 (3d Cir. 1989) ("[D]ue process does not . . . require that records officers refer every argument made by an inmate, regardless of its plausibility, to a deputy attorney general. The cost of such a requirement would far outweigh its marginal utility . . . ." (citing *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976))). However, if a claimant provides a facially legitimate reason that constitutes "good cause" under the Commissioner's regulations, *see*

20 C.F.R. § 404.911(b),**⁴** then due process requires that the

---

**⁴** The Commissioner lists the following nonexclusive "[e]xamples of circumstances where good cause may exist":

(1)  You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.

(2)  There was a death or serious illness in your immediate family.

(3)  Important records were destroyed or damaged by fire or other accidental cause.

(4)  You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.

(5)  You asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeal Council review or filed a civil suit.

(6)  We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit.

(7)  You did not receive notice of the determination or decision.

(8)  You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.

(9)  Unusual or unavoidable circumstances exist, including the circumstances described in paragraph

ALJ address it.

Dexter cited just three reasons for the late filing, and the ALJ addressed only the most obviously deficient of them. Due process requires more than that.

## IV.

We remand this matter to the district court to remand to the SSA to further consider Dexter's alternative grounds for good cause to file a late request for hearing on her 2003 application for benefits.

**REVERSED and REMANDED.**

---

(a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely.

20 C.F.R. § 404.911(b).