**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD WELCH, | No. 12-56850 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-00740-MLG |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Marc L. Goldman, Magistrate Judge, Presiding

Submitted October 8, 2013[**]
Pasadena, California

Before: FERNANDEZ, PAEZ, and HURWITZ, Circuit Judges.

Ronald Welch appeals the district court's judgment dismissing his complaint

against the Commissioner of Social Security for lack of subject matter jurisdiction.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291 to review the district court's judgment. We vacate and remand.

The Social Security Appeals Council dismissed as untimely Welch's request for review of a decision by an administrative law judge denying his application for disability benefits. Welch's attorney claims that he timely filed the request for review by facsimile, as permitted by agency rules. To prove that he did so, Welch's attorney provided the Council with, among other documents, a transmission log with the Council's fax number.

Although the Council's dismissal order is not a final decision, the district court nonetheless had jurisdiction to review it under 42 U.S.C § 405(g) because Welch asserted a colorable constitutional claim. *Califano v. Sanders*, 430 U.S. 99, 109 (1977); *Matlock v. Sullivan*, 908 F.2d 492, 493–94 (9th Cir. 1990). We recently held that due process requires the Commissioner to give "some explanation" when dismissing an apparently valid request for a hearing. *Dexter v. Colvin*, No. 12-35074, 2013 WL 5434699, at *3 (9th Cir. Sept. 30, 2013). Because Welch provided the Council with evidence that, if credited, would establish that he timely filed the request for review, due process requires the Council to provide some explanation why it concluded to the contrary.

We vacate the judgment of the district court and remand to the district court to remand to the Commissioner to consider the evidence that Welch timely filed his request for review and either to explain her decision dismissing the request or to treat it as timely.

**VACATED and REMANDED.**