**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>
DALENA M. TAVERNITI,

         Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

         Defendant - Appellee.
</td>
<td>
No. 13-15783

D.C. No. 3:11-cv-06659-JSW

MEMORANDUM[*]
</td></tr>
</table>

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted May 27, 2014 [**]

Before:     D.W. NELSON, LEAVY, and THOMAS, Circuit Judges.

Dalena M. Taverniti appeals the district court's judgment dismissing for lack

of subject matter jurisdiction Taverniti's action challenging the Commissioner of

Social Security's denial of her 2008 request for reconsideration of the agency's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1991 termination of her disability insurance benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The agency denied as untimely Taverniti's request for agency reconsideration and her request for a hearing before an administrative law judge ("ALJ"). Because Taverniti did not obtain an administrative hearing prior to filing her complaint in district court, she failed to exhaust administrative remedies as required by 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.900(a)(5); *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013); *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam).

The district court properly held that both the agency's denial of Taverniti's request for reconsideration as untimely and the ALJ's denial of her request for a hearing as untimely were non-final decisions that were not subject to judicial review. *See Dexter*, 731 F.3d at 980 ("Because [the agency's] decision whether . . . to entertain untimely hearing request or reopen an earlier application is strictly discretionary, . . . it is not final and thus not generally reviewable by a district court." (citations omitted)). Taverniti contends that the district court nonetheless had jurisdiction because the ALJ's denial of her request for a hearing deprived her of due process and wrongfully prevented her from obtaining review of the denial of

2

reconsideration. This contention lacks merit because the ALJ provided an

explanation for the denial of Taverniti's request for a hearing. *See id.* at 981-82.

We decline to address Taverniti's argument, raised for the first time on

appeal, that the district court should have waived the exhaustion requirement and

addressed the merits of the agency's denial of her request for reconsideration. *See*

*Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

**AFFIRMED.**