FILED

JUL 01 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLIFTON T. HASTINGS, | No. 12-35761 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-01054-SI |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted May 27, 2014[**]

Before:     D. NELSON, LEAVY, and THOMAS, Circuit Judges.

Clifton T. Hastings appeals pro se the district court's judgment affirming the

Commissioner of Social Security's denial of Hastings's third application for

disability insurance benefits and supplemental security income under Titles II and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in holding that it lacked subject matter jurisdiction to decide whether the Commissioner failed to meet an obligation to retain the record of Hastings's first application for benefits in 2000.  The Commissioner's retention or loss of records is not a "final decision" subject to review.  *See* 42 U.S.C. § 405(g); *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013).

The district court also lacked jurisdiction to consider whether the Commissioner set an incorrect onset date when granting Hastings's subsequent, fourth application for benefits.  The court had jurisdiction only to review the Commissioner's final decision denying Hastings's third application for benefits. *See* 42 U.S.C. § 405(g); *Dexter*, 731 F.3d at 980.

Hastings contends that the administrative law judge erred by failing to order IQ testing because such testing might have established a listed impairment.  This contention lacks merit because the record was adequate to allow for proper evaluation of the evidence.  *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).  The low average intellectual functionality reported by an examining

psychologist would not meet or equal the requirements of the listings. *See*

*Kennedy v. Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013).

Any error in the ALJ's partial rejection, without explanation, of the opinion

of a non-examining psychologist was harmless because even if the ALJ had

accepted the psychologist's findings, Hastings's impairments would not have met

the listings. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

We decline to consider additional issues unsupported by argument in the

opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th

Cir. 2003).

**AFFIRMED.**