**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICKEY J. PUCKETT, | No. 13-35975 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00492-BAT |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted November 21, 2014**

Before:     HUG, FARRIS, and CANBY, Circuit Judges.

Mickey Puckett appeals the dismissal for lack of subject matter jurisdiction

of his action challenging the constitutionality of the Commissioner of Social

Security's dismissal of his request for a hearing on his applications for disability

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and we affirm. *See Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013).

The district court did not err in concluding that it lacked subject matter jurisdiction because Puckett failed to raise a colorable claim that he was denied due process in the dismissal of his request for a hearing before an administrative law judge ("ALJ") after he failed to appear at the hearing. *See id.* (holding that decision on hearing request is non-final and not generally reviewable unless claimant raises colorable constitutional claim). Puckett did not raise a colorable due process claim that he received insufficient notice of the hearing. The Commissioner complied with the Social Security regulations by mailing two hearing notices and attempting to contact Puckett by telephone. *See* 42 U.S.C. § 405(b)(1); 20 C.F.R. §§ 404.938(a) & (c), 416.1438(a) & (c). These actions by the Commissioner were reasonably calculated to provide Puckett with notice of the hearing. *See Popa v. Holder*, 571 F.3d 890, 897 (9th Cir. 2009) (recognizing that due process requirements are satisfied if the procedure for providing notice of a hearing is reasonably calculated to provide a person with notice of a hearing). The Commissioner was not required by principles of due process to verify that Puckett actually received notice. *See Popa*, 571 F.3d at 897-98 (holding that notice of

hearing sent by regular mail to last address provided by individual satisfies requirements of due process).  In addition, Puckett did not allege a lack of actual notice.  *See Lehner v. United States*, 685 F.2d 1187, 1190-91 (9th Cir. 1982) (holding that claimant who receives actual notice of agency's action cannot complain that agency's notice procedures are deficient).

Puckett also failed to raise a colorable claim that the Commissioner violated his due process right to an opportunity to be heard by dismissing his hearing request on the date set for the hearing without first inquiring whether Puckett had good cause for his failure to appear.  The administrative law judge complied with the Social Security regulations and was not required to inquire further whether Puckett had good cause for his failure to appear at the hearing.  *See* 20 C.F.R. §§ 404.957(b)(1)(I), 416.1457(b)(1)(I).  Puckett was notified prior to the hearing that, if he failed to appear at the hearing without a good reason, the ALJ would dismiss his request for a hearing without further notice.  In addition, the ALJ informed Puckett that he had a right to appeal the dismissal, and it was clear from the ALJ's decision that Puckett needed to show good cause in order to overturn the dismissal of his hearing request.

**AFFIRMED.**[1]

---

[1]     Puckett's request for judicial notice, filed on April 3, 2014, is granted.