**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JEFFREY SZILAGYI, | No. 16-35057 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01054-KI |
| v. | |
| NANCY A. BERRYHILL,** Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted May 15, 2017***

Before:  D.W. NELSON, TROTT, and OWENS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* Nancy A. Berryhill is substituted for her predecessor as Acting Commissioner of the Social Security Administration.  Fed. R. App. P. 43(c)(2).

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jeffrey Szilagyi appeals the district court's dismissal for lack of jurisdiction of his complaint seeking review of the Commissioner of Social Security's dismissal of his request for a hearing before an administrative law judge ("ALJ") on his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As Szilagyi acknowledges, the Commissioner's dismissal of his hearing request as untimely was not an appealable final agency decision under 42 U.S.C. § 405(g). *See Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013). Szilagyi also did not establish the district court's jurisdiction by alleging a colorable constitutional claim. *See id*. Unlike in *Dexter*, the ALJ addressed Szilagyi's proffered reason for failing to file a timely request for a hearing—his attorney's failure to receive notice. *Cf. id*. at 980-82 (holding that claimant stated a colorable claim that the ALJ violated due process by failing to address claimant's proffered reasons for filing a late request for a hearing when those reasons were listed as examples of good cause in 20 C.F.R. § 404.911(b)).

Szilagny does not contend that he did not receive notice of the dismissal; rather, he argues that he was denied constitutionally sufficient notice because his counsel did not receive notice until May 2014 and then received an undated notice.

2

The alleged lack of notice to counsel does not establish a colorable due process claim. The regulations provide for notice to the claimant himself. 20 C.F.R. §§ 404.901, 416.1401 (defining "[d]ate you receive notice"), 404.933(b), 416.1433(b). The fact that the regulations also require notice to counsel, 20 C.F.R. § 404.1715(a)(1) & (b), does not establish that Szilagyi was denied "meaningful notice" sufficient to trigger the 60-day deadline for requesting a hearing before an ALJ. *See Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (holding that due process requires that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits may be denied).

On the whole, Szilagyi fails to make this showing. Szilagyi does not allege that he did not receive notice or that his notice was sent to an incorrect address. *See Popa v. Holder*, 571 F.3d 890, 897-98 (9th Cir. 2009) (holding that a notice of deportation hearing sent by regular mail to the last address provided by an individual satisfies the requirements of due process). He also makes no allegation that any mental impairment or other circumstance prevented him from understanding the notice of denial of reconsideration and complying with the 60-day time limit. *Cf. Udd*, 245 F.3d at 1102 (finding a denial of due process regarding a notice of termination of benefits when claimant lacked the mental

3

capacity to understand the termination of his benefits and to take the steps necessary to pursue an appeal).

The lack of a date on the notice received by Szilagyi's counsel also does not establish a colorable due process claim. *See Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (holding that claimant must allege "facts sufficient to state a violation of substantive or procedural due process" (citation omitted)). The hearing request was untimely, even if the notices of denial of reconsideration were sent as late as the date from the stamp on counsel's copy of the notice. *See* 20 C.F.R. §§ 404.933(b)(1) & 416.1433(b) (providing that hearing request must be filed within 60 days after receipt of notice); *Holohan v. Massanari*, 246 F.3d 1195, 1209-1210 (9th Cir. 2001) (holding that plaintiff must show injury resulting from alleged procedural due process violation). We therefore affirm the district court's judgment.

**AFFIRMED.**