NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROOSEVELT WILLIAMS, Jr., | No. 16-56396 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-04781-AG-AFM |
| v. | |
| THE STATE OF CALIFORNIA, a public entity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted October 23, 2017[**]

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Roosevelt Williams, Jr., appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising from ongoing child dependency proceedings in state court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013). We may affirm on any basis supported in the record. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). We affirm.

The district court properly dismissed Williams' claims for declaratory and injunctive relief under the *Younger* abstention doctrine because federal courts are required to abstain from interfering with pending state court proceedings where "the federal action would have the practical effect of enjoining the state proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758-59 (9th Cir. 2014) (requirements for *Younger* abstention in civil cases); *see also H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613-14 (9th Cir. 2000) (abstention required where child custody proceedings are ongoing).

Dismissal of Williams' claims for damages against defendants Deol, Carlos-Vazquez, Downing, and Truong was proper because these defendants are immune from liability. *See Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) (explaining immunity under the *Noerr-Pennington* doctrine); *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (discussing judicial immunity).

The district court did not abuse its discretion by denying Williams' request for entry of default judgment against the remaining defendants who did not appear in the action because Williams failed to demonstrate that he properly served these

16-56396

defendants with the summons. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth the standard of review and factors for determining whether to enter default judgment). We do not consider the merits of the claims against these defendants because Williams failed to effectuate proper service on them.

Williams did not object to the magistrate judge's order denying his motion for a transfer of venue and thus forfeited his right to challenge that ruling on appeal. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1173-74 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.").

We reject as without merit Williams' contention that the district court's dismissal of his action violated his right to a jury trial.

**AFFIRMED.**