NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARISTEA HUPP; PAUL HUPP, | No. 16-56245 |
| Plaintiffs-Appellants, | D.C. No. 5:16-cv-00370-VAP-SP |
| v. | |
| SOLERA OAK VALLEY GREENS ASSOCIATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Aristea Hupp and Paul Hupp appeal pro se from the district court's judgment

dismissing their action alleging federal and state law claims arising from the state

court's issuance and application of a vexatious litigant order against Paul Hupp.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Dexter v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Colvin*, 731 F.3d 977, 980 (9th Cir. 2013).  We affirm.

The district court properly dismissed the Hupps' 42 U.S.C. § 1983 claims against the private actor defendants because the Hupps failed to allege facts sufficient to show that these defendants acted under color of state law.  *See Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991) (noting that private parties generally do not act under the color of state law and describing instances in which a private actor's conduct amounts to state action for purposes of § 1983).

The district court properly dismissed the Hupps' 42 U.S.C. § 1983 claims against defendant Huntsman arising from Huntsman's conduct during the Hupps' prior state court action because the Hupps failed to allege sufficient facts to show a constitutional violation occurred.  *See Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (setting forth elements of a § 1983 claim).

To the extent that the Hupps seek damages against defendant Judge Molloy for his alleged unconstitutional conduct, the district court properly concluded that Judge Molloy is immune from a suit for damages.  *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (judges are absolutely immune from damage liability for acts performed in their official capacity).

The district court properly dismissed the Hupps' claims for injunctive relief against defendant Judges Molloy, Riemer, and Webster because the Hupps failed

16-56245

to allege that "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

The district court properly dismissed the Hupps' claims for declaratory relief against Judges Molloy, Riemer, and Webster as barred by the Eleventh Amendment. *See Green v. Mansour*, 474 U.S. 64, 67-69 (1985) (distinguishing claims for prospective and retrospective relief and explaining that claims for retrospective relief are barred by the Eleventh Amendment).

The district court properly dismissed the Hupps' claim challenging the constitutionality of California's vexatious litigant statute as barred by the *Rooker-Feldman* doctrine because this claim is "inextricably intertwined" with the state court's vexatious litigant order entered against Paul Hupp. *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001) (a constitutional challenge is barred under the *Rooker-Feldman* doctrine if it is inextricably intertwined with a state court judgment and the district court could not rule in favor of the plaintiff "without holding that the state court had erred").

The district court did not abuse its discretion in denying the Hupps' motion seeking disqualification of the district judge and magistrate judge because the Hupps failed to establish any grounds for such relief. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and grounds for recusal).

16-56245

We lack jurisdiction to consider the district court's order declaring the Hupps to be vexatious litigants because the Hupps failed to file an amended or separate notice of appeal. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007).

We reject as without merit the Hupps' due process contention regarding the assignment of particular judges to pro se cases.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Hupps' requests for judicial notice (Docket Entry Nos. 14 and 45) are denied.

**AFFIRMED.**