**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-15659 |
| Petitioner-Appellee, | D.C. No. 2:15-cv-00287-TLN-EFB |
| v. | |
| RAGHVENDRA SINGH, | MEMORANDUM[*] |
| Respondent-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Raghvendra Singh appeals pro se from the district court's order denying his

motion to have the Internal Revenue Service ("IRS") reassess and reconsider his

tax liabilities, and the district court's award of attorney's fees and costs to the

government.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

district court's determination regarding subject matter jurisdiction. *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013). We affirm.

The district court properly denied Singh's motion to reconsider his taxes as barred by the Anti-Injunction Act ("the Act"), 26 U.S.C. § 7421(a), because Singh sought to restrain the government's tax assessment and collection activities, and no exception to the Act applies. *See Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990) ("The district court must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Act."); *see also* 26 U.S.C. § 7421(a) (listing statutory exceptions); *Elias*, 908 F.2d at 525 (discussing limited judicial exception).

The district court did not abuse its discretion when it awarded the government attorney's fees and costs incurred in litigating contempt proceedings against Singh. *See Harcourt Brace Jovanovich Legal & Prof'l Publ'ns, Inc. v. Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994) (district courts have discretion to award attorney's fees and costs for civil contempt to make party injured by the contempt whole); *Bouman v. Block*, 940 F.2d 1211, 1235 (9th Cir. 1991) (standard of review).

To the extent that Singh challenges the district court's contempt order and the order enforcing the IRS summons, this court in *United States v. Singh*, Case No. 16-15853, dismissed his appeal of these orders for lack of appellate

17-15659

jurisdiction.  This court dismissed his appeal of the contempt order as moot, and his appeal of the order enforcing the IRS summons as untimely.

We reject as without merit Singh's contentions regarding due process violations, any judicial misconduct by the district court judge, and any fraud or misconduct by the IRS.

We do not consider matters not specifically and distinctly raised and argued in the opening briefs, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**