NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA SAEPOFF, in propia persona, | No. 17-35589 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00482-JLR |
| v. | |
| JAY RIEHLE, Revenue Officer, individually and in his capacity as employee of the United States, Internal Revenue Service; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Jessica Saepoff appeals pro se from the district court's judgment dismissing

her 42 U.S.C. § 1983 action alleging various federal and state law claims.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

determination regarding subject matter jurisdiction. *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013). We affirm.

The district court properly dismissed Saepoff's claims challenging her tax liabilities as barred by the Anti-Injunction Act ("the Act"), 26 U.S.C. § 7421(a), because Saepoff sought to restrain the government's tax assessment and collection activities, and no exception to the Act applies. *See Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990) ("The district court must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Act."); *see also* 26 U.S.C. § 7421(a) (listing statutory exceptions); *Elias*, 908 F.2d at 525 (discussing limited judicial exception).

The district court properly dismissed Saepoff's claims challenging the private defendants' compliance with the Internal Revenue Service notices of levy because the notices immunized those defendants from suit. *See* 26 U.S.C. § 6332(a), (e).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-35589