**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM J. WHITSITT, | No. 18-16757 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01818-TLN-EFB |
| v. | |
| CATO, IRS Agent 1000158004; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted July 15, 2019[**]

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

William J. Whitsitt appeals pro se from the district court's judgment

dismissing his action arising from levies imposed by the Internal Revenue Service

("IRS") to collect unpaid taxes. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (subject

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

matter jurisdiction); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim). We affirm.

The district court properly dismissed Whitsitt's due process claim because Whitsitt failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a § 1983 claim); *cf. Adams v. Johnson*, 355 F.3d 1179, 1183-86, 1188 (9th Cir. 2004) (*Bivens* relief is unavailable for "allegedly unconstitutional actions of IRS officials engaged in tax assessment and collection").

The district court properly dismissed Whitsitt's claim for damages under 26 U.S.C. § 7433 because Whitsitt failed to allege facts sufficient to show that he exhausted his administrative remedies as required under § 7433(d)(1). *See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) (failure to exhaust administrative remedies deprived the court of jurisdiction over a taxpayer's damages claims regarding improper tax collection under § 7433(a)); *see also* 26 C.F.R. § 301.7433–1(e) (specifying required administrative remedies).

To the extent Whitsitt alleged claims seeking injunctive relief, the district court properly dismissed such claims as barred by the Anti-Injunction Act ("the

18-16757

Act") as an attempt to restrain the IRS's tax assessment and collection activities, and no exception to the Act applies. *See* 26 U.S.C. § 7421(a) (listing statutory exceptions); *Elias v. Connett*, 908 F.2d 521, 523, 525 (9th Cir. 1990) (explaining that the district court "must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Act" and setting forth limited judicial exception).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**