NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 16 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREN L. DEXTER, | No. 18-35173 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05253-JPD |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted August 29, 2019**
Seattle, Washington

Before: McKEOWN and BYBEE, Circuit Judges, and GAITAN,*** District Judge.

Karen Dexter appeals the district court's dismissal of her complaint for lack

of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

we affirm.

This is the second appeal to this Court involving the dismissal of plaintiff's complaint for lack of jurisdiction. On September 30, 2013, this Court remanded plaintiff's case for a new hearing to consider plaintiff's alternative grounds for good cause to file a late request for hearing on her 2003 application for benefits. *See Dexter v. Colvin*, 731 F.3d 977 (9th Cir. 2013). A new hearing was held on December 11, 2014. The administrative law judge (ALJ) considered all of plaintiff's reasons for missing the deadline to file a request for a hearing: unawareness of the deadline, serious illness, preoccupation with caring for her elderly mother, and grief after her mother's death. The ALJ examined each of the reasons and found they were not supported by the record. The ALJ resolved all reasonable doubts in plaintiff's favor as required by Social Security Ruling (SSR) 91-5p, but found that she had not established good cause for missing the deadline to request a new hearing. On November 27, 2015, the ALJ dismissed plaintiff's request for a hearing.

On appeal, plaintiff asserts the ALJ's failure to comply with the Social Security regulations violated her constitutional right to procedural due process. We disagree and conclude that the ALJ correctly analyzed whether plaintiff had established good cause for the late filing of her request for a hearing pursuant to 20 C.F.R. § 404.911. Additionally, the Appeals Council noted SSR 91-5p and found

that the record did not show any evidence of mental incapacity which might have constituted good cause for the late filing. Plaintiff also argues on appeal that the ALJ failed to consider whether her original claim should have been reopened when she reapplied for benefits in 2007, less than four years after she filed her original claim. The ALJ's decision considered both of plaintiff's claims. The ALJ found that the Appeals Council's dismissal of plaintiff's March 2008 request for a hearing was undisturbed as it was based on the *res judicata* effect of the reconsideration determination. We conclude that because the ALJ addressed both of plaintiff's applications, there was no issue of reopening which the ALJ was required to address. We have also considered the other due process violations alleged by plaintiff. We find them to be meritless.

**AFFIRMED**.

18-35173