**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MICHAEL A. CONZELMAN, | No. 19-55190 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-00431-DOC-DFM |
| and | |
| RHOSAN K. CONZELMAN, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 4, 2020**

Before: FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Michael A. Conzelman appeals pro se from the district court's judgment

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing his action related to his income tax liability for tax year 2012. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (dismissal for lack of subject matter jurisdiction); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed Conzelman's claim for a tax refund under 26 U.S.C § 7422 because Conzelman failed to file his claim within three years of filing his 2012 return. *See* 26 U.S.C. § 6511(a) (setting forth limitations period for refund claim); *United States v. Brockamp*, 519 U.S. 347, 353 (1997) (equitable tolling does not apply to § 6511's time limitations for refund claims).

The district court properly dismissed Conzelman's claims for damages under 26 U.S.C. § 7433 because Conzelman failed to allege facts sufficient to show any unauthorized collection activity. *See Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Miller v. United States*, 66 F.3d 220, 223 (9th Cir. 1995) (the assessment or tax determination process does not constitute an act of collection and is therefore, not actionable under § 7433).

**AFFIRMED.**