NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COLLEEN MARIE COURTNEY, | No. 19-15995 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-01244-LJO-SAB |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted October 23, 2020**

Before: D.W. NELSON, LEAVY, and SILVERMAN, Circuit Judges.

Colleen Marie Courtney appeals pro se from the district court's judgment dismissing her action alleging that the Social Security Administration ("SSA") improperly adjusted her Supplemental Security Income ("SSI") benefits to recoup alleged overpayments. We have jurisdiction under 28 U.S.C. § 1291. We review

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

de novo the district court's dismissal for lack of subject matter jurisdiction. *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013). We vacate and remand.

The district court dismissed Courtney's action for lack of subject matter jurisdiction because it concluded that Courtney failed to exhaust administrative remedies. However, the district court treated Courtney's action as a challenge to the denial of SSI benefits rather than one alleging unauthorized recovery of overpayments. Under 42 U.S.C. § 404, the SSA is prohibited from recovering overpayments made to a beneficiary until the SSA makes a pre-recoupment decision on the beneficiary's written reconsideration request and after an oral hearing on a request to waive recoupment. *See Califano v. Yamasaki*, 442 U.S. 682, 693-94 (1979). Moreover, if the SSA recovers an overpayment without rendering a decision on a claimant's preliminary request to waive recoupment, the jurisdictional requirements of 42 U.S.C. § 405(g) are met and an action in federal court can proceed. *See id.* at 706. The district court did not consider whether it could exercise subject matter jurisdiction on the basis that the SSA recovered overpayments without rendering a decision on Courtney's pre-recoupment requests for reconsideration and for a hearing, and the record is not sufficiently developed on these matters. Accordingly, we vacate the judgment and remand for the district court to consider in the first instance whether to exercise subject matter jurisdiction over Courtney's claim for unauthorized recovery of overpayments.

19-15995

In light of our disposition, the district court should reconsider its denial of Courtney's requests for discovery into the SSA's records of her correspondence with the agency.

Courtney's requests for clarification of this court's prior orders are denied as moot.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**