NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUDY CASTANEDA; JULIA CASTANEDA, | No. 19-16372 |
| Plaintiffs-Appellants, | D.C. No. 2:18-cv-02809-ESW |
| v. | MEMORANDUM[*] |
| UNITED STATES OF AMERICA; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Eileen S. Willett, Magistrate Judge, Presiding[**]

Submitted October 26, 2020[**]

Before: McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Rudy and Julia Castaneda appeal pro se from the district court's order

dismissing for lack of subject matter jurisdiction their action arising from levies

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

imposed by the Internal Revenue Service ("IRS") to collect unpaid taxes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013). We affirm.

The district court properly dismissed for lack of subject matter jurisdiction the Castanedas' refund claim for the 2004 tax year. The Castanedas failed to allege that the taxes were paid in full prior to filing suit. *See Flora v. United States*, 362 U.S. 145, 146, 177 (1960) (full payment of assessment is a jurisdictional prerequisite to suit).

The Castanedas seek damages under 26 U.S.C. § 7433(a) for mental anguish stemming from their receipt of notices from the IRS. The district court properly dismissed the Castanedas' claim for damages. Under 26 U.S.C. § 7433(a), the district court lacked subject matter jurisdiction because the Castanedas' complaint failed to allege facts sufficient to show that they exhausted their administrative remedies as required under § 7433(d)(1). *See Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) (failure to exhaust administrative remedies deprived the court of jurisdiction over a taxpayer's damages claims regarding improper tax collection under § 7433(a)); *see also* 26 C.F.R. § 301.7433-1(e) (specifying required administrative remedies).

The Castanedas seek damages under 26 U.S.C. § 7433(e) alleging the IRS sought to collect tax liabilities that were discharged in bankruptcy. The district

court properly dismissed the Castanedas' claim for damages.  Under 26 U.S.C. § 7433(e), the district court lacked subject matter jurisdiction because the bankruptcy courts have exclusive jurisdiction over suits for damages relating to automatic stays or the effects of a bankruptcy discharge.  *See* 26 U.S.C. § 7433(e)(2).

The district court properly dismissed the Castanedas' request for injunctive relief.  The Anti-Injunction Act ("the Act") bars attempts to restrain the IRS's tax assessment and collection activities, and no exception to the Act applies.  *See* 26 U.S.C. § 7421(a) (listing statutory exceptions); *Elias v. Connett*, 908 F.2d 521, 523, 525 (9th Cir. 1990) (explaining that the district court "must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Act" and setting forth limited judicial exception).

We reject as meritless the Castanedas' contention that the IRS violated their due process rights.

**AFFIRMED.**