**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT DRAKE EWBANK, | No. 18-35831 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-00117-JE |
| v. | |
| ANDREW M. SAUL, Commissioner Social Security Administration, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Robert Drake Ewbank appeals pro se from the district court's judgment affirming in part and dismissing in part his challenges arising from the Social Security Administration's ("SSA") recoupment of an alleged overpayment of Supplemental Security Income ("SSI") benefits. We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (dismissal for lack of subject matter jurisdiction); *Planned Parenthood of S. Ariz. v. Lawall*, 307 F.3d 783, 786 (9th Cir. 2002) (constitutionality of a statute). We affirm in part, vacate in part, and remand.

The administrative law judge ("ALJ") properly denied Ewbank's claim that deprivation of his social security benefits for the time he was out of the United States pursuant to 42 U.S.C. § 1382(f) was unconstitutional. *See Califano v. Aznavorian*, 439 U.S. 170, 174-75 (1978) (holding that the limitations set forth in § 1382(f) do not violate the equal protection clause or impermissibly infringe on the right to international travel).

The district court properly dismissed for lack of subject matter jurisdiction Ewbank's claim that the SSA discriminated against him in violation of the Rehabilitation Act because Ewbank failed to exhaust his administrative remedies as to this claim. *See* 42 U.S.C. § 405(g); *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (explaining the Social Security Act only grants the court jurisdiction to review final decisions of the Commissioner).

The district court dismissed for lack of subject matter jurisdiction Ewbank's claim that the SSA improperly recouped alleged SSI benefit overpayments without addressing his waiver request after concluding that Ewbank's action involved only the ALJ's September 22, 2014 decision, in which the ALJ found that Ewbank's

18-35831

claim was not properly presented to the SSA field office. However, Ewbank's amended complaint challenged the ALJ's subsequent September 20, 2016 decision resolving Ewbank's request for a waiver of this recoupment. Accordingly, we vacate the district court's dismissal of Ewbank's claim that the SSA improperly recouped the overpayment of benefits, and remand for the district court to consider in the first instance if the district court has subject matter jurisdiction to review the ALJ's September 20, 2016 decision and, if so, the effect, if any, of the 2016 ALJ decision on Ewbank's challenge to the SSA's recoupment of the overpayment of benefits.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**