**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEAN ALLEN STEEVES, | No. 22-56219 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-00931-WQH-DDL |
| v. | |
| UNITED STATES INTERNAL REVENUE SERVICE, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted March 26, 2024**

Before:    TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Dean Allen Steeves appeals pro se from the district court's order dismissing

for lack of subject matter jurisdiction his action seeking to void notices of intent to

levy issued by the Internal Revenue Service ("IRS").  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo.  *Dexter v. Colvin*, 731 F.3d 977, 980 (9th

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2013).  We affirm.

The district court properly dismissed Steeves's action as barred by the Anti-Injunction Act ("the Act") because it is an attempt to restrain the IRS's tax assessment and collection activities, and no exception applies.  *See* 26 U.S.C. § 7421(a) (listing statutory exceptions); *Elias v. Connett*, 908 F.2d 521, 523, 525 (9th Cir. 1990) (explaining that the district court "must dismiss for lack of subject matter jurisdiction any suit that does not fall within one of the exceptions to the Act" and setting forth limited judicial exception).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Steeves's motion to correct a typo in the reply brief (Docket Entry No. 25) is granted.  All other pending motions and requests are denied.

**AFFIRMED.**