**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| READYLINK HEALTHCARE, INC., a Nevada Corporation, on behalf of itself and others similarly situated, *Plaintiff-Appellant*, <br><br> v. <br><br> STATE COMPENSATION INSURANCE FUND; DAVE JONES, Insurance Commissioner, in his official capacity, *Defendants-Appellees*. | No. 12-56248 <br><br> D.C. No. 2:11-cv-09934-PSG-PJW <br><br><br> OPINION |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted
April 10, 2014—Pasadena, California

Filed June 12, 2014

Before: Jerome Farris and Andrew D. Hurwitz, Circuit
Judges, and Paul L. Friedman, District Judge.*

Opinion by Judge Hurwitz

---

* The Honorable Paul L. Friedman, District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

## SUMMARY**

### Abstention/Issue Preclusion

Affirming the dismissal of an action challenging a decision of the Commissioner of the California Department of Insurance, the panel held that the district court erred by abstaining, but that issue preclusion barred the plaintiff's claim that the Commissioner's decision was preempted by Internal Revenue Service regulations.

The panel held that under *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013), *Younger* abstention was not appropriate because parallel state court proceedings were not criminal proceedings, the Commissioner's and the state court's orders were not "core" orders involving the administration of the state judicial process, and the proceedings were not civil enforcement proceedings akin to a criminal prosecution.

The panel held that the plaintiff's preemption claim was barred by issue preclusion under California law because while this appeal was pending, the California Court of Appeal rejected the preemption claim, and the California Supreme Court denied review.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Seth A. Rafkin (argued) and Jennifer M. Bogue, Cooley LLP, San Diego, California, for Plaintiff-Appellant.

Kamala D. Harris, Attorney General of California, Paul D. Gifford, Senior Assistant Attorney General, Felix E. Leatherwood, Supervising Deputy Attorney General, Brian D. Wesley (argued), Deputy Attorney General, Los Angeles, California, for Defendant-Appellee Dave Jones, California Insurance Commissioner, in his official capacity.

Bruce D. Celebrezze (argued) and Benjamin E. Shiftan, Sedgwick LLP, San Francisco, California; LaDonna Wallace, Jody A. DeBernardi, and Judith D. Sapper, State Compensation Insurance Fund, Santa Ana, California, for Defendant-Appellee State Compensation Fund.

**OPINION**

HURWITZ, Circuit Judge:

This case involves parallel judicial proceedings, one in state court and the other in federal court. Each was initiated by ReadyLink Healthcare, Inc. (ReadyLink), and each contended that a decision by the Commissioner of the California Department of Insurance (Commissioner) was preempted by Internal Revenue Service (IRS) regulations. The federal district court abstained, relying on *Younger v. Harris*, 401 U.S. 37 (1971). While this appeal from the district court judgment was pending, the California Court of

Appeal rejected ReadyLink's preemption claim, and the California Supreme Court denied review.[1]

Applying the Supreme Court's guidance in *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013), we find that the district court erred by abstaining. However, because issue preclusion now bars ReadyLink's claim, we affirm the judgment dismissing the complaint.

## I. Background

ReadyLink provides temporary nurses for medical facilities. From 2000 to 2006, ReadyLink purchased workers' compensation insurance from the State Compensation Insurance Fund (SCIF). *See* Cal. Ins. Code §§ 11770, 11773. Although a creature of California statutes, "SCIF is an 'insurer' on the same basis as any private carrier offering workers' compensation insurance." *P. W. Stephens, Inc. v. State Comp. Ins. Fund*, 27 Cal. Rptr. 2d 107, 108 (Ct. App. 1994).

When SCIF audited ReadyLink for the 2005 policy year, it found that ReadyLink had failed to report certain per diem payments to employees as payroll, and billed ReadyLink for an additional premium of $555,327.53. ReadyLink appealed that decision to the California Department of Insurance, *see* Cal. Ins. Code § 11737(f), and an administrative law judge (ALJ) approved SCIF's premium calculation.

---

[1] We grant both parties' motions for judicial notice of the California state court proceedings. *See* Fed. R. Evid. 201; *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

The ALJ first found that the California Workers' Compensation Uniform Statistical Reporting Plan (USRP),[2] which SCIF used to calculate ReadyLink's premium rates, exempts payments for "additional living expenses not normally assumed" from payroll. Because ReadyLink's per diem payments were not tied to the expenses that nurses accrued while working away from their homes, the ALJ concluded that the payments were actually wages. In doing so, the ALJ rejected ReadyLink's argument that the USRP should be interpreted consistently with IRS per diem reporting rules. The Commissioner affirmed and designated the decision as precedential.

ReadyLink then petitioned the Los Angeles Superior Court for a writ of administrative mandamus pursuant to California Code of Civil Procedure § 1094.5. It alleged, among other things, that the Commissioner should have followed IRS reporting rules in interpreting the USRP. The Superior Court denied relief. ReadyLink appealed to the California Court of Appeal, expressly arguing that IRS regulations preempted the Commissioner's decision.

While the state court appeal was pending, ReadyLink filed this putative class action against SCIF and the Commissioner in the Central District of California. The federal complaint alleged that IRS regulations preempted the Commissioner's decision, requested both declaratory and

---

[2] The USRP is a "compendia of administrative rules and regulations governing the issuance of workers' compensation coverage by SCIF and other carriers. They set forth classifications, rates and rating systems approved by the Commissioner pursuant to sections 11658 and 11730 et seq. and have been incorporated by reference into the California Code of Regulations." *Allied Interstate, Inc. v. Sessions Payroll Mgmt., Inc.*, 137 Cal. Rptr. 3d 516, 522 (Ct. App. 2012).

injunctive relief, and asserted various state-law damage claims. After SCIF moved to dismiss the complaint, the district court ordered supplemental briefing to address possible abstention under *Younger* and *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The district court then dismissed the federal preemption claim on *Younger* grounds and declined to exercise supplemental jurisdiction over the remaining state-law claims. ReadyLink appealed.

As ReadyLink's appeal to this court was pending, the California Court of Appeal affirmed the Superior Court's denial of mandamus, expressly holding that the Commissioner's decision was not preempted by federal law. *ReadyLink HealthCare, Inc. v. Jones*, 148 Cal. Rptr. 3d 881, 886–92 (Ct. App. 2012). The California Supreme Court denied ReadyLink's subsequent petition for review.

## II. *Younger* Abstention

### A.

The district court had jurisdiction over ReadyLink's complaint under 28 U.S.C. § 1331, s*ee Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 642 (2002), and we have jurisdiction over this appeal under 28 U.S.C. § 1291, *see Agriesti v. MGM Grand Hotels, Inc.*, 53 F.3d 1000, 1000–01 (9th Cir. 1995). We review the district court's *Younger* determination de novo. *Gilbertson v. Albright*, 381 F.3d 965, 982 n.19 (9th Cir. 2004) (en banc).

**B.**

In *Younger v. Harris*, the Supreme Court reaffirmed the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings.  401 U.S. at 43–54.  The Court, citing comity concerns, later extended the *Younger* principle to civil enforcement actions "akin to" criminal proceedings, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975), and to suits challenging "the core of the administration of a State's judicial system," *Juidice v. Vail*, 430 U.S. 327, 335 (1977).

The Court's subsequent opinion in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982), found abstention appropriate when (1) there is "an ongoing state judicial proceeding," (2) those "proceedings implicate important state interests," and (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* at 432.  Our ensuing decisions concluded that the three *Middlesex* factors controlled *Younger* abstention in civil actions.  *See, e.g.*, *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003); *Fresh Int'l Corp. v. Agric. Labor Relations Bd.*, 805 F.2d 1353, 1357–62 (9th Cir. 1986).  And, although not a threshold element, we identified a fourth requirement: The requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings.  *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007); *Gilbertson*, 381 F.3d at 977–78 (citing *Samuels v. Mackell*, 401 U.S. 66, 72 (1971)).

But, our post-*Middlesex* decisions have sent mixed signals on whether *Younger* remains limited to criminal cases, quasi-criminal actions, and orders involving the administration of a state's judicial system.  A number of our opinions suggested

that, notwithstanding *Middlesex*, *Younger* applies only to those three types of proceedings. *See, e.g.*, *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1167–69 (9th Cir. 2013); *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 883–85 & n.7 (9th Cir. 2011); *Martori Bros. Distribs. v. James-Massengale*, 781 F.2d 1349, 1354–56 (9th Cir. 1986), *abrogated on other grounds*, *Ohio Civ. Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 n.2 (1986). Others, however, implied that district courts must abstain in *any* action when the *Middlesex* factors are present. *See, e.g.*, *Delta Dental Plan of Cal., Inc. v. Mendoza*, 139 F.3d 1289, 1295 (9th Cir. 1998); *Fresh Int'l Corp.*, 805 F.2d at 1358.

We also have been less than clear on whether *Younger* applies only to state-initiated proceedings. *Compare Potrero Hills*, 657 F.3d at 883 n.7 ("[O]ur case law clearly demonstrates that the first *Younger* prong may be satisfied even when the ongoing state proceeding involves only private litigants."), *with San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1093 (9th Cir. 2008) ("We must abstain under Younger if four requirements are met: (1) a state-initiated proceeding is ongoing . . . .").

*Sprint* resolved these interpretive dilemmas, squarely holding that *Younger* abstention is limited to the "three exceptional categories" of cases identified in *New Orleans Public Service, Inc. v. Council of New Orleans* (*NOPSI*), 491 U.S. 350, 367–68 (1989). *Sprint*, 134 S. Ct. at 592. Those cases are: (1) "parallel, pending state criminal proceeding[s]," (2) "state civil proceedings that are akin to criminal prosecutions," and (3) state civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Id.* at 588.

For orders at the "core" of the judicial process, the underlying state proceeding plainly need not have been initiated by the state. *See Juidice*, 430 U.S. at 329–30, 335–36; *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 4–5, 12–14 (1987). For civil enforcement actions that are akin to criminal proceedings, however, "a state actor is routinely a party to the state proceeding and often initiates the action," the proceedings "are characteristically initiated to sanction the federal plaintiff . . . for some wrongful act," and "[i]nvestigations are commonly involved, often culminating in the filing of a formal complaint or charges." *Sprint*, 134 S. Ct. at 592.

In civil cases, therefore, *Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges. *See Sprint*, 134 S. Ct. at 593–94; *Gilbertson*, 381 F.3d at 977–78. If these "threshold elements" are met, we then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies. *See Gilbertson*, 381 F.3d at 978, 983–84. Each element must be satisfied, *AmerisourceBergen*, 495 F.3d at 1148, and the date for determining whether *Younger* applies "is the date the federal action is filed," *Gilbertson*, 381 F.3d at 969 n.4.

## C.

The state proceedings here did not fall within the three exceptional categories of cases identified in *Sprint* and *NOPSI*. First, obviously they were not parallel state criminal proceedings.

Second, neither the Commissioner's approval of SCIF's premium calculation nor the Los Angeles Superior Court's affirmance was an order at "the core of" California's court system, *Juidice*, 430 U.S. at 335, implicating the "State's interest in enforcing the orders and judgment of its courts," *Sprint*, 134 S. Ct. at 588. "Core" orders involve the administration of the state judicial process—for example, an appeal bond requirement, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. at 12–14, a civil contempt order, *Juidice*, 430 U.S. at 335–36, or an appointment of a receiver, *Lebbos v. Judges of the Superior Court*, 883 F.2d 810, 815 (9th Cir. 1989). This case, in contrast, involves a "single state court judgment" interpreting an insurance agreement and state law, not the process by which a state "compel[s] compliance with the judgments of its courts." *Potrero Hills*, 657 F.3d at 886. If the mere possibility of inconsistent federal and state court judgments justified *Younger* abstention, *Younger* would swallow whole both *Colorado River* abstention and preclusion. *See AmerisourceBergen*, 495 F.3d at 1150.

Third, the state court proceedings here do not "rank as an act of civil enforcement . . . 'akin to a criminal prosecution' in 'important respects.'" *Sprint*, 134 S. Ct. at 592 (quoting *Huffman*, 420 U.S. at 604). Even assuming *arguendo* that the Commissioner's decision and the subsequent state court review was a "unitary proceeding," *see San Jose Silicon Valley*, 546 F.3d at 1093, it plainly was not a civil enforcement proceeding. SCIF, acting as a private party, audited and billed ReadyLink for its yearly premium. ReadyLink, a private party, requested agency review of that decision. The Commissioner adjudicated the dispute between ReadyLink and SCIF by interpreting state law, and ReadyLink then requested judicial review.

SCIF and the Commissioner argue that the state proceedings were akin to a criminal prosecution because the Commissioner "convened" an administrative hearing and issued an opinion interpreting state regulations. The assertion proves too much. If the mere "initiation" of a judicial or quasi-judicial administrative proceeding were an act of civil enforcement, *Younger* would extend to every case in which a state judicial officer resolves a dispute between two private parties. This would render meaningless the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *Colorado River*, 424 U.S. at 817, and "would extend *Younger* to virtually all parallel state and federal proceedings, at least where a party could identify a plausibly important state interest," *Sprint*, 134 S. Ct. at 593. That the Commissioner interpreted a California regulation is similarly irrelevant: In nearly every civil case, litigants request that a court or a quasi-judicial agency interpret a statute, a regulation, or the common law.

The district court therefore erred by abstaining. But, things have changed since the district court's decision: The California courts have now directly rejected ReadyLink's preemption claim. We turn to the consequences of that rejection.

## III. Preclusion

### A.

Because the California Court of Appeal rejected ReadyLink's preemption claim after the federal district court entered its judgment, neither party addressed preclusion below. However, we may consider issue preclusion, a question of law, for the first time on appeal. *Clements v.*

*Airport Auth.*, 69 F.3d 321, 329–30 (9th Cir. 1995).  Issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim."  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)).

We determine the preclusive effect of a state court judgment by applying that state's preclusion principles. 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).  State law governs even if the state court action challenged "administrative decisions under section 1094.5, California's administrative mandamus statute," *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012), and the federal court action alleges a constitutional violation, *Allen v. McCurry*, 449 U.S. 90, 98 (1980).

California law bars relitigation of an issue of law or fact if five requirements are met:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding.  Second, this issue must have been actually litigated in the former proceeding.  Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits.  Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990) (en banc). If these threshold requirements are satisfied, a court then determines whether preclusion would be consistent with the "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *Id.* at 1227.

**B.**

Applying the California issue preclusion test, we conclude that the decision of the California Court of Appeal bars ReadyLink's preemption claim.

First, the California court resolved the very issue that ReadyLink raised in the district court—whether the Commissioner's decision creates an obstacle to federal tax law. *Jones*, 148 Cal. Rptr. 3d at 888–89. The state court held that ReadyLink's preemption argument was a misguided attempt "to compare two distinct areas of law," and concluded that the Commissioner may impose more demanding per diem reporting requirements for workers' compensation purposes than the IRS imposes for federal tax purposes. *Id.* at 888–90.

Second, ReadyLink actually litigated the issue. "For purposes of collateral estoppel, an issue was actually litigated in a prior proceeding if it was properly raised, submitted for determination, and determined in that proceeding." *Hernandez v. City of Pomona*, 207 P.3d 506, 514 (Cal. 2009). ReadyLink's state briefing asserted that IRS reporting regulations preempted the Commissioner's decision. The California Court of Appeal disagreed.

Issue preclusion applies even if the Commissioner himself had no authority to declare the USRP unenforceable in the underlying administrative proceedings. *See* Cal. Const. art III, § 3.5. We do not today consider the preclusive effect of the Commissioner's findings. *See Univ. of Tenn. v. Elliott*, 478 U.S. 788, 796–99 (1986); *Miller v. Cnty. of Santa Cruz*, 39 F.3d 1030, 1033 (9th Cir. 1994). Rather, we address the holding of the Court of Appeal, which in the first instance rejected ReadyLink's preemption claim. *Jones*, 148 Cal. Rptr. 3d at 888–89; *see also Turnbow v. Pac. Mut. Life Ins. Co.*, 934 F.2d 1100, 1103 (9th Cir. 1991) (holding that state court preemption rulings are entitled to preclusive effect).

ReadyLink insists that it could not fully present its preemption claim without conducting discovery or presenting evidence to a trial court. ReadyLink, however, made the same point to the California Court of Appeal, which determined as a matter of law that the Commissioner's decision would not frustrate the purpose of federal reporting regulations. *Jones*, 148 Cal Rptr. 3d at 888–89. This satisfies the "actually litigated" requirement. *See Lucido*, 795 P.2d at 1225 (requiring "the opportunity to present full cases"); *see also Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 481 (1982) ("[S]tate proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law."). Preemption is almost always a legal question, the resolution of which is rarely aided "by development of a more complete factual record." *Hotel Emps. & Rest. Emps. Int'l Union v. Nev. Gaming Comm'n*, 984 F.2d 1507, 1513 (9th Cir. 1993). Thus, we have granted preclusive effect to a Rule 12(b)(6) dismissal of a conflict preemption claim, *see Stewart v. U.S. Bancorp*, 297 F.3d 953, 956, 959 (9th Cir. 2002), and have

approved the dismissal of claims on the basis of obstacle preemption at the pleading stage, *see Pub. Util. Dist. No. 1 of Grays Harbor Cnty. v. IDACORP Inc.*, 379 F.3d 641, 650 (9th Cir. 2004); *Fireman's Fund Ins. Co. v. City of Lodi*, 302 F.3d 928, 949–51 (9th Cir. 2002). California courts have done the same. *See, e.g.*, *Yarick v. PacifiCare of Cal.*, 102 Cal. Rptr. 3d 379, 386–87 (Ct. App. 2009) (sustaining a demurrer on the basis of obstacle preemption); *Pollock v. Univ. of S. Cal.*, 6 Cal. Rptr. 3d 122, 132 (Ct. App. 2003) (granting preclusive effect to a "purely legal" judgment sustaining a demurrer).

The third, fourth, and fifth requirements for issue preclusion under California law are not subject to debate. The state court necessarily decided the preemption issue, as "the resolution of the issue was not 'entirely unnecessary to the judgment in the initial proceeding.'" *Zevnik v. Superior Court*, 70 Cal. Rptr. 3d 817, 821 (Ct. App. 2008) (quoting *Lucido*, 795 P.2d at 1226). The California Court of Appeal's decision was on the merits, and became final after review was denied. *See Abelson v. Nat'l Union Fire Ins. Co.*, 35 Cal. Rptr. 2d 13, 19 (Ct. App. 1994). And, the parties in the state and federal actions were the same.

Moreover, applying issue preclusion would preserve "the integrity of the judicial system" by promoting judicial economy. *Lucido*, 795 P.2d at 1229. There is no reason for a federal court to tackle anew the precise legal issue resolved by the California Court of Appeal.

Contrary to ReadyLink's assertion, giving the California Court of Appeal's decision preclusive effect does not close federal courts to constitutional claims against California agencies. Had ReadyLink not made its Supremacy Clause

claim in the mandamus action, the Court of Appeal's opinion would not have precluded a federal suit raising that claim. *See Honey v. Distelrath*, 195 F.3d 531, 533 (9th Cir. 1999); *Gallagher v. Frye*, 631 F.2d 127, 129–30 (9th Cir. 1980). ReadyLink also could have avoided claim preclusion by initially requesting both administrative review and declaratory relief in federal court. *Cf. City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163–69 (1997) (holding that federal district courts have supplemental jurisdiction over state law claims arising under a state administrative review statute); *Duchek v. Jacobi*, 646 F.2d 415, 419 (9th Cir. 1981) ("However extensive their power to create and define substantive rights, the states have no power directly to enlarge or contract federal jurisdiction."). But, ReadyLink instead voluntarily chose to litigate the Supremacy Clause claim in the state mandamus action, and the appellate court's decision therefore has preclusive effect.

## IV. Conclusion

For the foregoing reasons, the judgment of the district court dismissing the complaint is **AFFIRMED**.