**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

C. MACKEY SALAZAR,

               Plaintiff - Appellant,

v.

EDMOND G. BROWN, Jr., in his official capacity as Governor of California; et al.,

               Defendants - Appellees.

No. 13-16488

D.C. No. 3:13-cv-01727-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted September 21, 2015[**]

Before:     REINHARDT, LEAVY, and BERZON, Circuit Judges.

     C. Mackey Salazar appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action seeking injunctive and declaratory relief in

connection with pending state administrative proceedings. We have jurisdiction

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Gilbertson v. Albright*, 381 F.3d 965, 982 n.19 (9th Cir. 2004) (en banc).  We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Salazar's action was proper because it was subject to abstention under *Younger v. Harris*, 401 U.S. 37 (1971).  *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (setting forth requirements for *Younger* abstention in civil cases).  Because Salazar's action was barred under *Younger*, the district court did not abuse its discretion by dismissing without leave to amend.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**