**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAUL JULIAN MANEY,

            Plaintiff - Appellant,

  v.

KRISTIN A. WINGES-YANEZ,
Chairperson, Oregon Board of Parole &
Post-Prison Supervision (Board); KIM
GONZALES, Hearings/Scheduling Clerk,
Board,

            Defendants - Appellees.

No. 14-35881

D.C. No. 6:13-cv-00981-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 15, 2016[**]

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

    Paul Julian Maney, an Oregon state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action seeking injunctive and

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

declaratory relief in connection with parole hearings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). We affirm.

The district court properly dismissed Maney's action as barred under *Younger v. Harris*, 401 U.S. 37 (1971), because federal courts are required to abstain from interfering with pending state court proceedings where "the federal action would have the practical effect of enjoining the state proceedings." *ReadyLink*, 754 F.3d at 759 (setting forth requirements for *Younger* abstention in civil cases, and explaining that "the date for determining whether *Younger* applies is the date the federal action is filed" (citation and internal quotation marks omitted)).

The district did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that a district court may deny leave to amend where amendment would be futile).

The district court did not abuse its discretion by denying Maney's motion for reconsideration because Maney failed to demonstrate any grounds for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and explaining circumstances

warranting reconsideration).

Maney's motion for extension of time, filed November 4, 2014, is denied as moot.

**AFFIRMED.**