NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 25 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD BUZZARD, Jr., | No. 15-35667 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00959-RSL |
| v. | |
| ISRB, Indeterminate Sentencing Review Board a/k/a CCR-Community Corrections Board or Parole Board; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted August 16, 2016[**]

Before:      O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Ronald Buzzard, Jr., a Washington state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that the

Washington Indeterminate Sentence Review Board violated his rights under the *Ex*

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Post Facto* Clause of the U.S. Constitution.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014).  We affirm.

The district court properly dismissed Buzzard's action as barred under *Younger v. Harris*, 401 U.S. 37 (1971), because federal courts are required to abstain from interfering with pending state court proceedings where "the federal action would have the practical effect of enjoining the state proceedings." *ReadyLink*, 754 F.3d at 759 (setting forth requirements for *Younger* abstention in civil cases, and explaining that "the date for determining whether *Younger* applies is the date the federal action is filed" (citation and internal quotation marks omitted)).  In light of this disposition, we do not consider the merits of Buzzard's claim.

The district court did not abuse its discretion in denying Buzzard's motion to amend the complaint to add a claim for retaliation because Buzzard sought to add a new and distinct cause of action.  *See Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir.1997) (setting forth standard of review and explaining that leave to permit supplemental pleading "cannot be used to introduce a separate, distinct and new cause of action" (citation and internal quotation marks omitted)).

2                                                                    15-35667

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Buzzard's request to add William Keisling as an appellant, set forth in the reply brief, is denied. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf . . . He has no authority to appear as an attorney for others than himself." (internal citation omitted)).

We treat Buzzard's August 28, 2015 filing as requesting the production of transcripts at government expense and the appointment of counsel (Docket Entry No. 4) and deny those requests.

Appellees' request for judicial notice (Docket Entry No. 11) is granted.

**AFFIRMED.**

15-35667