NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN KNOX, known individually as a Matrix System Offender, | No. 17-35119 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-01750-KI |
| v. | MEMORANDUM[*] |
| KATE BROWN, for the State of Oregon; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Oregon state prisoner Steven Knox appeals pro se from the district court's

judgment in his 42 U.S.C. § 1983 action alleging constitutional claims arising from

the denial of parole.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

novo. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (abstention under *Younger v. Harris*, 401 U.S. 37 (1971)); *Beets v. County of Los Angeles*, 669 F.3d 1038, 1041 (9th Cir. 2012) (dismissal under *Heck v. Humphrey*, 512 U.S. 477, 478 (1994)). We affirm.

The district court properly dismissed without prejudice Claims One and Three challenging defendants' deferral of Knox's parole release date because success on these claims would necessarily demonstrate the invalidity of Knox's confinement or its duration, and Knox failed to allege that his conviction or sentence has been invalidated. *See Wilkinson v. Dotson*, 544 U.S. 74, 80-82 (2005) (a prisoner's § 1983 claim is barred if success "would necessarily demonstrate the invalidity of confinement or its duration[,]" unless "the conviction or sentence has already been invalidated" (citation and internal quotation marks omitted)). Contrary to Knox's contentions, Claims One and Three did not allege procedural challenges that would "not necessarily spell immediate or speedier release." *Id.* at 81.

The district court properly dismissed without prejudice Claim Two under the *Younger* abstention doctrine because the district court was required to abstain from interfering with Knox's pending state court appeal, as all of the requirements for abstention were met, and no exception to abstention applied. *See ReadyLink Healthcare, Inc.*, 754 F.3d at 758-59 (setting forth requirements for *Younger*

2                                                                    17-35119

abstention in civil cases); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617, 621 (9th Cir. 2003) (explaining exceptions to *Younger* and concluding that claimed constitutional violation "does not, by itself, constitute an exception to the application of *Younger* abstention").

The district court did not abuse its discretion by denying Knox's motion for reconsideration because Knox failed to state any grounds warranting relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 59(e)).

In light of this disposition, we do not consider the merits of Knox's claims, and do not reach the question of whether denial of Knox's motions for a preliminary injunction was proper. *See Santa Monica Nativity Scenes Comm. v. City of Santa Monica*, 784 F.3d 1286, 1291 n.1 (9th Cir. 2015).

Knox's requests for judicial notice regarding defense counsel's action in state court proceedings, set forth in his reply brief and in Docket Entry No. 32, are denied.

Knox's request for an order barring defendants' appearance at oral argument (Docket Entry No. 35) is denied as unnecessary.

**AFFIRMED.**

3                                                          17-35119