**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAYLOR PROFITA, | No. 18-56192 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00286-PA-DFM |
| v. | |
| STEPHEN ANDERSEN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted May 21, 2019[**]

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Taylor Profita appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  *Serra v. Lappin*, 600 F.3d 1191, 1195

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2010). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

To the extent that Profita's claims sought to have the district court probate a will, administer an estate, or dispose of property in the custody of the state probate court, the district court properly dismissed those claims for lack of jurisdiction under the probate exception because federal courts lack jurisdiction over probate matters. *See Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006).

To the extent that Profita alleged legal error in any prior state court proceeding, dismissal of Profita's claims was proper because the *Rooker-Feldman* doctrine bars a de facto appeal of prior state court decisions and claims inextricably intertwined with the state court decisions. *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (*Rooker-Feldman* bars de facto appeals of a state court decision and constitutional claims "inextricably intertwined" with the state court decision); *see also Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (a de facto appeal is one in which "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules" (citations and internal quotation marks omitted)).

To the extent that any state court proceedings were ongoing, dismissal of Profita's claims was proper because the *Younger* abstention doctrine bars a federal court from interfering with pending state court proceedings. *See ReadyLink*

*Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758-59 (9th Cir. 2014) (federal courts are required to abstain from interfering with pending state court proceedings where "the federal action would have the practical effect of enjoining the state proceedings").

All pending motions and requests are denied.

**AFFIRMED.**

18-56192