NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW TYE, | No. 18-56528 |
| Plaintiff-Appellant, | D.C. No. 8:17-cv-01831-RGK-KES |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted November 18, 2019[**]

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Matthew Tye appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging constitutional claims arising from his state

court plea agreement. We have jurisdiction under 28 U.S.C. § 1291. We review

de novo. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2014) (abstention under *Younger v. Harris*, 401 U.S. 37 (1971)); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007) (dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994)). We affirm.

The district court properly dismissed Tye's claim under *Brady v. Maryland*, 373 U.S. 83 (1963), because success on this claim would necessarily imply the invalidity of his conviction or sentence, and Tye did not allege that his conviction or sentence has been invalidated. *See Heck*, 512 U.S. at 4887 (holding that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"). To the extent Tye's *Brady* claim relates to a potential need to present mitigating evidence at a future resentencing, his claim is not ripe. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (citations and internal quotation marks omitted)).

The district court properly dismissed Tye's due process claim because Tye failed to allege facts sufficient to establish that he was deprived of constitutionally

adequate process in state court. *See Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (setting forth elements of procedural due process claim).

The district court properly denied Tye's request for injunctive relief because the district court was required to abstain from interfering with Tye's then-pending state court appeal under the *Younger* abstention doctrine. *See ReadyLink Healthcare*, 754 F.3d at 758-59 (setting forth requirements for *Younger* abstention in civil cases); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617, 621 (9th Cir. 2003) (setting forth exceptions to *Younger* abstention and concluding that claimed constitutional violation "does not, by itself, constitute an exception to the application of *Younger* abstention").

The district court did not abuse its discretion by taking judicial notice of certain state court documents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (setting forth standard of review and describing items subject to judicial notice on a Rule 12(b)(6) motion).

We do not consider matters not specifically and distinctly raised and argued

18-56528

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' motion to take judicial notice (Docket Entry No. 12) is granted.

**AFFIRMED.**