**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHAVEZ EVANS,

Plaintiff-Appellant,

v.

JOHN REA, Honorable Judge, Maricopa
County Superior Court; et al.,

Defendants-Appellees.

No.   19-16257

D.C. No. 2:19-cv-00709-DWL-JZB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted March 3, 2020**

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Shavez Evans appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging federal and state law claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

dismissal under 28 U.S.C. § 1915A.  *Hamilton v. Brown*, 630 F.3d 889, 892 (9th

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2011). We affirm.

The district court properly dismissed Evans's claims against his public defender because he was not acting under color of state law in his representation of Evans. *See Polk County. v. Dodson*, 454 U.S. 312, 320-25 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions to a defendant in a criminal proceeding.").

The district court properly dismissed Evans's claims against Judge Rea and former Commissioner O'Brien as barred by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (discussing judicial immunity and its limited exceptions).

The district court did not abuse its discretion in denying Evans's motion to add to his complaint a request to enjoin his ongoing criminal trial. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (setting forth standard of review). The district court properly found that *Younger* abstention would prevent it in interfering with the ongoing state criminal trial. *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (setting forth requirements for *Younger* abstention in civil cases).

Evans's pending motion for appointment of counsel is denied. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Evans's pending motions for injunctions, as well as the motion in his

19-16257

Opening Brief to amend his complaint to add a claim for injunctive relief, are denied. As stated above, *Younger* abstention prevents this Court from interfering with a state criminal trial. *See ReadyLink Healthcare, Inc.*, 754 F.3d at 758.

Evans's remaining motion requesting the court take judicial notice of his affirmation is denied.

**AFFIRMED.**