**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR EDWARD EZOR, | No. 19-55558 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-10260-JVS-AGR |
| v. | |
| KATHERINE K. MADER; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted July 14, 2020***

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Arthur Edward Ezor appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising from

his state criminal proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a dismissal of an action as barred by *Younger v. Harris*, 401 U.S.

_____

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

37 (1971). *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). We affirm.

The district court properly dismissed Ezor's action as barred under the *Younger* abstention doctrine because federal courts are required to abstain from interfering with pending state court proceedings where "the federal action would have the practical effect of enjoining the state proceedings." *ReadyLink*, 754 F.3d at 759 (setting forth requirements for *Younger* abstention in civil cases); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617, 621 (9th Cir. 2003) (setting forth exceptions to *Younger* abstention; a claimed constitutional violation "does not, by itself, constitute an exception to the application of *Younger* abstention").

The district court did not abuse its discretion in denying leave to amend the complaint because amendment would have been futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (setting forth standard of review and reasons for denying leave to amend).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit Ezor's contentions of judicial bias.

**AFFIRMED.**

2                                                        19-55558