NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRETT ALAN JAMES TALMADGE, | No. 20-36106 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00318-TMB |
| v. | |
| DEAN WILLIAMS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted August 17, 2021**

Before:     SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Brett Alan James Talmadge appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims arising from

his ongoing probation revocation proceedings.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *ReadyLink Healthcare, Inc. v. State Comp.*

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (dismissal as barred by *Younger v. Harris*, 401 U.S. 37 (1971)); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Talmadge's action as barred under the *Younger* abstention doctrine because federal courts are required to abstain from interfering with pending state court proceedings where "the federal action would have the practical effect of enjoining the state proceedings." *ReadyLink*, 754 F.3d at 759 (setting forth requirements for *Younger* abstention in civil cases); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617, 621 (9th Cir. 2003) (setting forth exceptions to *Younger* abstention; a claimed constitutional violation "does not, by itself, constitute an exception to the application of *Younger* abstention").

Contrary to Talmadge's contention, revocation of probation does not trigger the protection of double jeopardy. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782 n.3 (1973) ("[R]evocation of probation where sentence has been imposed previously is constitutionally indistinguishable from the revocation of parole."); *Moor v. Palmer*, 603 F.3d 658, 660 (9th Cir. 2010) (holding that the revocation of parole "is not the type of criminal punishment that would trigger the protections of the Double Jeopardy Clause").

We reject as unsupported by the record Talmage's contention that no

2                                                                          20-36106

arraignment hearings have occurred or that the state courts of Alaska are unavailable as a forum for Talmadge's constitutional claims.

The district court did not abuse its discretion by dismissing Talmadge's complaint without leave to amend because amendment would have been futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (setting forth standard of review and grounds for dismissing without leave to amend).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**