NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AARON VAN NEUBARTH,

Plaintiff-Appellant,

v.

COLLETE PETERS; et al.,

Defendants-Appellees.

No. 20-35539

D.C. No. 6:18-cv-01730-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding[**]

Submitted December 14, 2021[***]

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Oregon state prisoner Aaron Van Neubarth appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Neubarth's allegations regarding his gastrointestinal issues and umbilical hernia because these issues were determined by a valid and final determination in a prior proceeding. *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014) (the preclusive effect of a state court judgment is determined by applying that state's preclusion principles); *Nelson v. Emerald People's Util. Dist.*, 862 P.2d 1293, 1296-97 (Or. 1993) (requirements of issue preclusion under Oregon law).

The district court properly granted summary judgment on Neubarth's claims against defendant Dravis because Neubarth failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)); *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (explaining that once the defendant has carried the burden to prove that there was an available administrative remedy, the burden shifts to the plaintiff to produce

evidence showing that administrative remedies were effectively unavailable to him).

The district court did not abuse its discretion by denying Neubarth's motion for a preliminary injunction because Neubarth failed to demonstrate that such relief is warranted. *See Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014) (plaintiff seeking preliminary injunction must establish that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest).

The district court did not abuse its discretion by denying Neubarth's motions for appointment of counsel because Neubarth failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

All pending motions and requests are denied.

**AFFIRMED.**