**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

RICHARD LEE GREEN,

          Plaintiff-Appellant,

v.

DINH HOANG PHUONG,

          Defendant-Appellee.

No. 21-35146

D.C. No. 3:20-mc-00011-TMB

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted January 19, 2022[**]

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Richard Lee Green appeals pro se from the district court's judgment dismissing his action seeking to enforce an arbitration award under 9 U.S.C. § 201. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's abstention determination under *Younger v. Harris*, 401 U.S. 37 (1971). *ReadyLink*

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). We affirm.

The district court properly dismissed Green's action as barred under the *Younger* abstention doctrine because federal courts are required to abstain from interfering with pending state court proceedings where "the federal action would have the practical effect of enjoining the state proceedings." *ReadyLink*, 754 F.3d at 759 (setting forth requirements for *Younger* abstention in civil cases); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013) (identifying the characteristics of civil enforcement actions subject to the *Younger* abstention doctrine).

Even assuming that the New York Convention of 1958 applies, it does not require that Green's action to enforce an international arbitration award be brought in federal court, especially where, as here, the state court had already conducted trial proceedings before Green raised the issue of arbitration. *See* 9 U.S.C. § 205 ("Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, *at any time before the trial thereof*, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." (emphasis added)).

21-35146

We reject as without merit Green's contentions that the arbitration award constituted a res judicata determination and that the district court improperly interfered with the docket records.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Green's motion to accept addendums (Docket Entry No. 10) is granted. All other pending motions and requests are denied.

**AFFIRMED.**