NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 1 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETER CASEY CRUZ,

Petitioner-Appellant,

v.

BRANDON PRICE,

Respondent-Appellee.

No.    19-16191

D.C. No.
1:18-cv-01360-AWI-JLT

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted March 16, 2022
San Francisco, California

Before:  CHRISTEN and BRESS, Circuit Judges, and FEINERMAN,** District
Judge.

Peter Cruz, who is detained at Coalinga State Hospital under California's

Sexually Violent Predator Act (SVPA), appeals the district court's dismissal of his

habeas petition under 28 U.S.C. § 2241.  We have jurisdiction under 28 U.S.C.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

§ 2253, and we review the district court's dismissal of Cruz's habeas petition de novo. *Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018). We affirm in part, and vacate and remand in part.

1.  The district court correctly abstained from resolving Cruz's petition insofar as Cruz sought to enjoin his ongoing SVPA civil commitment proceedings in state court based on allegedly unconstitutional delay in bringing him to trial. In *Younger v. Harris*, 401 U.S. 37 (1971), "the Supreme Court reaffirmed the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). This principle applies to state civil commitment proceedings like this one "that are akin to criminal prosecutions." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019). We have explained that:

> *Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.

*Page v. King*, 932 F.3d 898, 901–02 (9th Cir. 2019) (quotations omitted).

Although Cruz's request to enjoin his SVPA trial due to allegedly unconstitutional trial delay meets these factors, Cruz argues extraordinary circumstances preclude *Younger* abstention. We disagree. "Only in cases of proven

2

harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). Cruz has not alleged harassment. And the irreparable harm exception does not apply to "pre-conviction habeas petitions seeking to vindicate a petitioner's speedy trial affirmative defense," *Bean v. Matteucci*, 986 F.3d 1128, 1134 (9th Cir. 2021), because that trial right "can be vindicated through reversal of the improperly-obtained conviction," *Page*, 932 F.3d at 904.

The delay in Cruz's SVPA trial is also, standing alone, not an extraordinary circumstance. "*Younger* abstention is appropriate even in cases of extreme delay where there is no indication that the state court has been ineffective and where the delay is instead attributable to the petitioner's quite legitimate efforts in state court to escape guilt through litigation." *Id.* at 902–03 (citations and quotations omitted). Here, Cruz has not alleged that the state forum is ineffective, and the trial delays are largely attributable to Cruz's counsel's requests for continuances or acquiescence in the state's requests. Thus, the district court correctly concluded that *Younger* abstention applies to Cruz's request to enjoin his SVPA proceedings based on delays in his trial.

2.      Cruz also argues that he has been detained without probable cause, in

violation of the Fourth Amendment. The district court did not address this theory, and the state argues that Cruz did not raise it below. However, Cruz was proceeding pro se below, and pro se pleadings are to be construed liberally. S*ee Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010). While we do not fault the district court for not appreciating Cruz's Fourth Amendment theory, judicial economy would not be served by inviting Cruz to file a new § 2241 petition, as opposed to allowing him to amend his existing one in order more fully to develop this claim. Because Cruz fairly argues that his Fourth Amendment claim would not be barred under *Younger*, *see Page*, 932 F.3d at 904–05, we remand for the district court to consider Cruz's Fourth Amendment theory in the first instance. Considering the amount of time that Cruz has been detained pending trial, the district court should consider whether it is appropriate to appoint counsel for Cruz. *See* 18 U.S.C. § 3006A(a)(2)(B).[1]

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

---

[1] The parties shall bear their own costs on appeal.