NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR DEMA,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>JOHN S. HALIKOWSKI, (Director of) the<br>Arizona Department of Transportation,<br><br>Defendant - Appellee. | No. 23-3136<br><br>D.C. No. 2:23-cv-00303-SMB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted October 15, 2025[**]

Before:     FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Victor Dema appeals pro se from the district court's order denying his

motion to remand.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo.  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1315 (9th Cir. 1998).  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly denied Dema's motion to remand because in the operative complaint, Dema alleged federal constitutional violations, and defendant's removal was timely. *See* 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1441(a) (allowing removal if the district court has original jurisdiction); 28 U.S.C. § 1446(b) (providing that a notice of removal of a civil action "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"); *Mayes v. Am. Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1079 (9th Cir. 2024) (noting that "§ 1446(b)(1)'s 30-day removal time limit does not start to run until the defendant has both received the complaint and been formally served").

Contrary to Dema's contentions, the district court properly determined that this case does not meet the requirements for abstention under the *Younger* or *Pullman* doctrines. *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (requirements for *Younger* abstention); *Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 939-40 (9th Cir. 2002) (requirements for *Pullman* abstention).

To the extent that Dema intended to challenge the district court's order dismissing the operative complaint, we do not consider this issue because it was

23-3136

not specifically and distinctly raised and argued in the opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief.").

We reject as without merit Dema's contention that the district court was biased against him.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**