NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY NOLETTE,<br><br>          Plaintiff-Appellant,<br><br> v.<br><br>ROGER TOBLER, in their official and individual capacities; et al.,<br><br>          Defendants-Appellees. | No.   13-17392<br><br>D.C. No.<br>2:12-cv-01414-JCM-PAL<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted April 5, 2017
Pasadena, California

Before:  CLIFTON and OWENS, Circuit Judges, and ANTOON,** District Judge.

Nancy Nolette (Nolette) appeals from the dismissal of her pro se Complaint

alleging that Boulder City, Nevada (Boulder City) violated her constitutional rights

by naming her and other Boulder City citizens in several state lawsuits.  Because

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

1. The district court erred in dismissing Nolette's claims related to the 2006 case pursuant to the *Rooker-Feldman* doctrine. Under that doctrine, a federal district court may not "excercis[e] subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). A de facto appeal occurs "when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). However, if the plaintiff "does not complain of a legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Id*. at 1163.

Here, Nolette's pro se Complaint is most plausibly construed as complaining about legal injuries caused by Boulder City, an adverse party. Nolette does not point to legal injuries caused by the 2006 state court judgment, but instead points to legal injuries caused by Boulder City's alleged policy of repeatedly suing its citizens in violation of their constitutional rights. Furthermore, Nolette does not seek to overrule or reverse the state court decision. Therefore, although her claims

2

may be limited by preclusion, the district court erred in holding that they were barred by the *Rooker-Feldman* doctrine. *See id.* at 1166.

2. The district court erred in holding that the remainder of Nolette's claims (those related to then-ongoing state court litigation) were barred by the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). The district court issued its order before the Supreme Court's decision in S*print Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013), and this court's subsequent decision in *ReadyLink Healthcare, Inc. v. State Compensation Insurance Fund*, 754 F.3d 754, 759 (9th Cir. 2014), both of which clarified that for *Younger* abstention to apply, the relevant state proceedings must fall within one of three categories of "exceptional circumstances": (1) "ongoing state criminal prosecutions," (2) "certain civil enforcement proceedings," or (3) "pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 134 S. Ct. at 591 (alteration in original) (internal quotation marks omitted). Therefore, the district court did not consider whether one of these kinds of "exceptional circumstances" existed. Contrary to Boulder City's contention, *Sprint* and *ReadyLink* are controlling here, and are dispositive of this appeal.

Boulder City contends that the state proceedings qualify as the type of "civil enforcement proceedings" that warrant *Younger* abstention. *Id.* Unlike the "quasi-

3

criminal" civil enforcement proceedings that require abstention, the proceedings here (1) were not "initiated to sanction [Nolette] . . . for some wrongful act," (2) did not involve an investigation that ended in a formal complaint or charges, and (3) were not in any way "akin to criminal proceedings." *ReadyLink*, 754 F.3d at 759-60 (internal quotation marks omitted). Accordingly, the district court erred in dismissing Nolette's claims related to the then-ongoing state cases as barred by *Younger* abstention.

3. Boulder City argues in the alternative that claim and issue preclusion bar Nolette's claims, and Nolette argues that issue preclusion applies to particular aspects of the case. Where either *Rooker-Feldman* or *Younger* abstention is inapplicable, preclusion may still limit a plaintiff's claims. *See Noel*, 341 F.3d at 1166; *ReadyLink*, 754 F.3d at 760-61. We remand to the district court to consider these preclusion issues in the first instance.

4. We decline to address Nolette's remaining arguments related to the merits of her First Amendment claims, as this appeal concerns a motion to dismiss. Therefore, we cannot determine that Nolette has in fact suffered a constitutional violation, as opposed to having plausibly alleged that she suffered one. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (analysis on Rule 12(b)(6) motion asks whether complaint alleges sufficient "facts to state a claim to relief

4

that is plausible on its face").  The district court may address these issues on remand.[1]

**REVERSED and REMANDED.**

---

[1] Boulder City's motion for judicial notice, filed on November 8, 2016, is granted.