**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY NOLETTE, | No.    18-16620 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01414-JCM-PAL |
| v. | |
| CITY OF BOULDER, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 2, 2020**
Pasadena, California

Before: KLEINFELD and CALLAHAN, Circuit Judges, and CHRISTENSEN,***
District Judge.

Plaintiff-Appellant, Nancy Nolette ("Nolette"), appeals from the district

court's dismissal of her action pursuant to 42 U.S.C. § 1983, alleging that

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

***       The Honorable Dana L. Christensen, United States Chief District
Judge for the District of Montana, sitting by designation.

Defendant-Appellee, City of Boulder City ("City"), violated her constitutional rights by filing several Nevada state lawsuits against her and other Boulder City residents in response to their ballot initiative efforts. Three of these lawsuits, filed by the City in 2010, were consolidated on appeal before the Nevada Supreme Court, and eventually resulted in dismissal on the ground that the lawsuits violated Nevada's anti-SLAPP (Strategic Lawsuits Against Public Participation) law, Nev. Rev. Stat. § 41.660. The state court judgment dismissing the 2010 lawsuits also awarded Nolette and her codefendants attorney's fees as authorized under Nev. Rev. Stat. § 41.670.

While the 2010 state lawsuits were still pending appeal, Nolette filed this civil rights action in federal court. After the Nevada state courts issued final judgment in those cases, the district court dismissed this action as barred under *Rooker-Feldman* and the *Younger* abstention doctrine. We reversed that order and remanded for the district court to consider issues of preclusion. *See Nolette v. Tobler*, 699 F. App'x 740 (9th Cir. 2017). On remand, the district court dismissed Nolette's claims as barred by claim preclusion. We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court's order.

Claim preclusion, also known as res judicata, "is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321,

2

327 (9th Cir. 1995). The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to "apply the res judicata rules of a particular state to judgments issued by courts of that state." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1998). Under Nevada law, claim preclusion applies when: (1) the parties or their privies are the same in the instant lawsuit as they were in the previous lawsuit, or the defendant can demonstrate that he or she should have been included as a defendant in the earlier suit and the plaintiff fails to provide a good reason for not having done so; (2) the final judgment is valid; and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. *See Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008), *as modified by Weddell v. Sharp*, 350 P.3d 80, 81 (Nev. 2015). Nolette concedes that the first two *Five Star* requirements are met in her case. She disputes only whether her claims in the current action "were or could have been brought" in the prior state lawsuits.

"The test for determining whether the claims, or any part of them, are barred in a subsequent action is if they are 'based on the same set of facts and circumstances as the [prior action].'" *Mendenhall v. Tassinari*, 403 P.3d 364, 370 (Nev. 2017) (citing *Five Star*, 194 P.3d at 714). Nolette's civil rights claims in the instant action are based on the facts and circumstances surrounding the City's pattern of litigation against Nolette and her fellow citizens for their ballot initiative

3

efforts. These facts that give rise to her claims had emerged by the time the City filed the 2010 lawsuits and are generally the same set of facts on which the 2010 lawsuits were based. As such, Nolette could have raised her civil claims as counterclaims in the 2010 lawsuits. Thus, Nolette's civil rights claims are barred by claim preclusion. *See Five Star*, 194 P.3d at 715 ("[C]laim preclusion applies to prevent a second suit based on all grounds of recovery that were *or could have been* brought in the first suit." (emphasis added)).

We are unpersuaded by Nolette's argument that her claims are not precluded by res judicata because they were permissive, rather than compulsory, counterclaims in the prior lawsuits. None of the Nevada cases cited by Nolette directly support her proposition that claim preclusion extends only to compulsory, but not permissive, counterclaims. Even assuming a permissive counterclaim exception exists under Nevada's claim preclusion doctrine, we agree with the district court that Nolette's civil rights claims would have been compulsory counterclaims in the 2010 lawsuits because "the pertinent facts of the different claims [were] so logically related that issues of judicial economy and fairness mandate that all issues be tried in one suit." *Mendenhall*, 403 P.3d at 370; *see also* Nev. R. Civ. P. 13(a).

We also reject Nolette's assertion that claim preclusion should not apply because she has "good reason" for not raising her civil rights claims as

4

counterclaims in the 2010 lawsuits.  Under *Weddell*, 350 P.3d at 81, a showing of "good reason" is relevant only to the privity factor of the *Five Star* test.  As Nolette concedes, the privity requirement is satisfied because the parties are the same in both the instant and prior state lawsuits.  Moreover, even if "good reason" could excuse Nolette's failure to raise her counterclaims in the prior suits, we find that her proffered reasons are inadequate and unpersuasive in that regard.

Because Nolette could have raised the claims in this action in the prior state lawsuits, they are barred by claim preclusion under Nevada law.  The district court's order of dismissal is **AFFIRMED**.